# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MASON and | : | No. 3:11cv2155 |
| JOANNE MASON, his wife, | : | |
| Plaintiffs | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| THE TRAVELERS HOME AND | : | |
| MARINE INSURANCE COMPANY, | : | |
| Defendant | : | |

## **MEMORANDUM**

Before the court for disposition is the motion for summary judgment filed by Defendant The Travelers Home and Marine Insurance Company. The motion has been fully briefed and is ripe for disposition.

**Background**

The general background facts of this case are undisputed. On March 30, 2011, a fire destroyed a building located on plaintiffs' property in Hawley, Pennsylvania. The fire also destroyed the contents of the building. The building and its contents were covered by an insurance policy issued by the defendant. The plaintiffs reported the loss to its insurance carrier. After an investigation, on May 6, 2011, the defendant paid plaintiffs $29,790.89 for the loss of personal property destroyed in the fire. On May 9, 2011, defendant made a second payment of $28,521.93 for fire and smoke damage. Plaintiffs assert that defendant owes them more money under the terms of the policy. Accordingly, they filed the instant five-count complaint. The claims of the complaint include the following: Count I

asserts that the defendant improperly made a deduction for depreciation when calculating the amount due; Count II asserts that defendant still owes them nearly $600,000 representing the replacement cost of the building; Count III is a claim for insurance bad faith and seeks $1,000,000 in damages; Count IV seeks $1,264 in damages, which represents the permits plaintiffs had to obtain to remove debris from the premises and rebuild the garage; Count V seeks damages for the loss of the use of the premises to house their pets during the daytime hours.

Plaintiff filed suit in the Court of Common Pleas of Wayne County, Pennsylvania and then defendant removed the case to this court on August 3, 2012.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. The plaintiffs are residents of the Commonwealth of Pennsylvania and defendant is a Connecticut corporation with a principal place of business in Hartford, Connecticut. Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of review**

Granting summary judgment is proper "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56©)). "[T]his standard provides that the mere existence of <u>some</u> alleged

2

factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**Discussion**

This case involves the application of a homeowner's insurance policy. With regard to insurance law, Pennsylvania law provides:

> Under Pennsylvania law, the interpretation of an insurance contract is a matter of law for the court. Madison Constr. Co. v. Harleysville Mut. Ins. Co., 557 Pa. 595, 735 A.2d 100, 106 (1999). "Where a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured

3

> and against the insurer, the drafter of the agreement. Where, however, the language of the contract is clear and unambiguous, a court is required to give effect to that language." Id. (quoting Gene & Harvey Builders, Inc. v. Pennsylvania Mfrs.' Ass'n, Ins. Co. 512 Pa. 420, 517 A.2d 910, 913 (1986)). "Contractual language is ambiguous 'if it is reasonably susceptible of different constructions and capable of being understood in more than one sense.'" Id. (quoting Hutchison v. Sunbeam Coal Corp., 513 Pa. 192, 519 A.2d 385, 390 (1986)).

Lexington Ins. Co. v. W. Pa. Hosp., 423 F.3d 318, 323 (3d Cir. 2005).

Defendant's motion for summary judgment raises the following three issues: 1) whether count I fails because plaintiffs never provided documentation that the personal property destroyed in the fire has been replaced; 2) whether counts II, IV and V fail due to the policy language; and 3) whether count III fails because as a matter of law, defendant has not engaged in bad faith. We will address each issue in turn.

**I. Count I**

Defendant has paid plaintiff's personal property loss claim. Defendant, however, made a deduction for depreciation of the property. Plaintiffs assert that defendant owes the replacement cost of the personal property, with no deduction for depreciation. This difference amounts to $15,667.00 according to the plaintiffs. Defendant moves for judgment on this claim on the basis that the plaintiffs have not met all the conditions precedent to being paid the replacement value of the personal property as opposed to the amount reduced for depreciation. After a careful review, we agree with defendant.

The policy provides as follows:

**A. Eligible Property**

   **1.** Covered losses to the following property are settled at

4

> replacement costs at the time of loss:
>     **a.** Property described in Coverage C;
>
>          \*                \*                \*
>
> **C. Replacement Cost Loss Settlement Condition**
>     The following loss settlement condition applies to all property described in **A.** above:
> **1.** We will pay no more than the least of the following amounts:
>     **a.** Replacement cost at the time of loss without deduction for depreciation;
>     **b.** The full cost of repair at the time of loss;
>     **c.** The limit of liability that applies to Coverage C, if applicable;
>     **d.** Any applicable special limits of liability stated in this policy; or
>     **e.** For loss to any time described in **A.2.a. - f.** above, the limit of liability that applies to the item.
> **2.** If the cost to repair or replace the property described in **A.** above is more than $2,500, we will pay no more than the actual cash value for the loss until the actual repair or replacement is complete.

The parties do not dispute that the cost to repair or replace the property at issue is greater than $2,500. Therefore, the insurance company is liable for the "actual cash value for the loss until the actual repair or replacement is complete." Id. Defendant's position is that the term "actual cash value" is clear and unambiguous. The unambiguous term calls for a deduction for depreciation before paying the plaintiff. Plaintiffs' position is that the policy does not define the term "actual cash value." Because the term is not defined, it is inappropriate to make a deduction for depreciation when computing the "actual cash value." After a careful review, we agree with the defendant.

Contrary to plaintiff's argument, the policy does, in fact, define "actual cash value." The Policy provides: "Actual case value means the amount it would cost to repair or replace covered property, at the time of the loss or damage, with material of like kind and quality, subject to a deduction for deterioration, depreciation and obsolescence." (Doc. 1-2, Policy at 1).

5

The parties agree that the amount of loss exceeds $2,500. (Doc. 17, Def.'s Mot. for Summ. J. ¶ 14; Doc. 20 Pls.' Resp. to Def's Mot. for Summ. J. ¶ 14). Therefore, under the clear and unambiguous terms of the policy, defendant need only pay the actual cash value of the loss, including appropriate deductions for depreciation, until the actual repair or replacement is complete. Plaintiff admits that defendant has paid $28,521.93 for the personal property claim. (Doc. 1-2, Compl. ¶ 16, 20). Plaintiff complains that this amount reflects a deduction for depreciation. Under the policy such a deduction is appropriate until plaintiffs establish that actual repair or replacement is complete. Defendant asserts that plaintiffs have not provided any documentation or other proof that they have repaired or replaced any personal property destroyed in the fire. (Def.'s Stat. of Undisputed Facts[1], ¶ 12). Plaintiff has presented no evidence to the contrary.

Based upon our analysis, defendant appropriately made a deduction for depreciation in paying benefits to the plaintiffs for their loss of personal property. Accordingly, summary judgment in favor of the defendant on count one of the complaint is appropriate.

---

[1] Plaintiffs did not file an appropriate answer to defendant's statement of undisputed facts. See L.R. 56.1 ("The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the [moving party's statement of material facts]."). Plaintiffs did, however, file a counter statement of material facts. Nothing in this counter statement raises a material question of fact regarding whether plaintiffs submitted appropriate proof of repair or replacement of the personal property. Rather, plaintiffs' argument is that such proof is not needed under the policy and the benefits should not have been reduced due to depreciation. As set forth above, however, this argument lacks merit.

**II. Counts II, IV and V**

Counts II, IV and V of plaintiffs' complaint deal with the losses suffered due to the destruction of the building. Defendant argues that the policy did not cover the building at issue. As noted above, the insurance policy at issue is a homeowners policy. (See Doc. 1-2, Policy). As such it provided coverage for plaintiff's dwelling as well as limited coverage for other structures. At issue in the instant case is not the plaintiff's dwelling but an "other structure" in which was stored certain property. Under the policy, other structures are covered as follows:

> COVERAGE B - OTHER STRUCTURES
> 1. We cover other structures on the "residence premises" set apart from the dwelling by clear space. This includes structures connected to the dwelling by only a fence, utility line, or similar connection.
>
> 2. We do not cover:
>
> a. Land, including on which the other structures are located;
>
> b. Other structures rented or held for rental to any person not a tenant of the dwelling . . .
>
> c. Other structures from which any "business" is conducted; or
>
> d. Other structures used to store "business" property. However, we do cover a structure that contains "business" property solely owned by an "insured" or a tenant of the dwelling provided that "business" property does not include gaseous or liquid fuel, other than fuel in a permanently installed fuel tank of a vehicle or craft parked or stored in the structure.

(Doc. 1-2, Policy at 3-4).

Defendant alleges that the instant case falls under subsection 2.d.

The building at issue was a structure other than the dwelling that was used to store business property. The business property was not solely owned by an "insured" or a tenant of the dwelling according to the defendant. Thus, defendant argues that no coverage is available for the building. Plaintiff agrees that the Policy does not provide coverage for "[o]ther structures used to store 'business property.'" (Doc. 17, Def.'s Mot. for Summ. J. ¶ 22; Doc. 20, Pls.' Answer to Mot. for Summ. J. ¶ 22). Plaintiffs also conceded that the named insureds under the Policy were the plaintiffs, James Mason and Joanne Mason. (Doc. 17, Def.'s Mot. for Summ. J. ¶ 22; Doc. 20, Pls.' Answer to Mot. for Sum J. ¶ 22). Plaintiffs concede that the property located in the structure was in fact owned by a business, in fact two different businesses, White Mills Pet Shop, Inc. and United Plumbing Heating and Air Conditioning, Inc. Plaintiff argues, however, that these businesses were solely owned by the plaintiffs. Therefore, coverage under the Policy should be provided. We disagree.

The named insureds under the Policy were Joanne and James Mason. (Doc. 1-2, Policy). Two business entities, corporations, owned property in the barn. (See Doc. 20, Pls' Answer to Mot. for Summ. J. ¶ 19; Doc. 30, Pls.' Br. at 12 (indicating that the two businesses are corporations)). Thus the "other structures used to store business property exclusion" applies. We are not convinced by plaintiff's arguments that the corporations were solely owned by the plaintiffs therefore coverage should be provided. The law provides that corporations are separate and distinct legal entities with an existence independent of the individuals who compose it. United States v. Sain, 141 F.3d 463, 474 (3d Cir. 1998); see also Commonwealth v. Vienna Health Prods. Inc., 726 A.2d 432, 434

(Pa. Commw. Ct. 1999) (holding that a corporation generally must be treated as an independent entity ever if its stock is owned entirely by one person). In fact, under Pennsylvania law, a corporation has the power "to acquire, own and utilize any real or personal property[.]" 15 PA. CONS. STAT. ANN. § 1502(4).

Businesses with a separate and distinct legal identity from the individual plaintiffs stored property in the building. Thus, the "other structures used to store business property" exclusion applies. Summary judgment is appropriate for the defendant on Counts II, IV an V of the Complaint, which all apply to the structure that was destroyed by the fire.[2]

### III. Bad Faith

Count III of the complaint is a claim for bad faith. Plaintiffs assert that the defendant failed to properly address and pay their claim. Specifically, plaintiffs aver: "[T]he continuing failure to properly address and pay the claim of the Plaintiffs and the conduct of the Defendant with regards to investigating the claim, failing to remove items on the property, failing to allow Plaintiffs to remove items from the property is unconscionable and clearly is an indication of bad faith[.]" (Doc. 1-2, Compl. ¶ 36). As set forth above, however, defendant owed plaintiff nothing more under the Policy. Therefore, plaintiffs assertion that defendant demonstrated bad faith by failing to properly address and pay the claim is without merit. The remainder of the bad faith count involves

---

[2] In fact, United Plumbing and Heating Service, Inc. had a Commercial Property Insurance Policy that provided coverage for the building destroyed by the fire and business personal property contained in the building. (Doc. 17, Def.'s Mot. for Summ. J. ¶ 20, Doc. 20, Pls.' Answer to Mot. for Summ. J. ¶ 20).

defendant's investigation/handling of the plaintiffs' insurance claim. Under Pennsylvania law, a plaintiff's bad faith claim may extend to investigation or handling of the claim, but only where the defendant's conduct "import[s] a dishonest purpose." Post v. St. Paul Travelers Ins. Co., 691 F.3d 500, 524 (3d Cir. 2012) (quoting Brown v. Progressive Ins. Co., 860 A.2d 493, 501 (Pa. Super. Ct. 2004)). "Invariably, this requires that the insurer lack a reasonable basis for denying coverage, as mere negligence or aggressive protection of an insurer's interests is not bad faith." Id. In this case, plaintiffs have not established any "dishonest purpose" on the part of the defendant. Accordingly, the bad faith claim fails, and summary judgment will be granted to the defendant on Count III.

**Conclusion**

After a careful review of the defendant's motion for summary judgment, we find that judgment should be granted in defendant's favor. Defendant properly valued the property loss using the "actual cash value" as defined in the Policy. Therefore, judgment should be granted to the defendant on Count I. Judgment will be granted on Counts II, IV and V because they all apply to the structure that was destroyed by fire. The Policy at issue does not cover that structure. Additionally, the bad faith claim will be denied as defendant did not fail to properly address and pay plaintiffs' insurance claim. An appropriate order follows.

```
IN THE UNITED STATES DISTRICT COURT
  FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

JAMES MASON and                    :        No. 3:11cv2155
JOANNE MASON, his wife,            :
                Plaintiffs  :        (Judge Munley)
     v.                           :
THE TRAVELERS HOME AND             :
MARINE INSURANCE COMPANY,          :
                Defendant   :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **ORDER**

**AND NOW**, to wit, this 28th day of February 2013, Defendant The Travelers Home and Marine Insurance Company's motion for summary judgment (Doc. 17) is hereby **GRANTED**. The Clerk of Court is directed to enter judgment in favor of defendant and against Plaintiffs James Mason and Joanne Mason. The Clerk of Court is directed to close this case.

                                    **BY THE COURT:**

                                    **s/ James M. Munley**
                                    **JUDGE JAMES M. MUNLEY**
                                    **United States District Court**